UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TONIA FIELDS, individually and as mother and next of friend of A.H. and as assignee of the Estate of CHRISTIAN CONNIOR, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | Case No. 1:12-cv-61 <br> United States Magistrate Judge Carter |

MEMORANDUM AND ORDER

I. Introduction

State Farm Mutual Automobile Insurance Company (State Farm) moves for summary judgment [Doc. 25] in this diversity jurisdiction action brought by plaintiff Tonia Fields, individually and on behalf of her minor child, A.H., and as the assignee of the Estate of Christian Connior. [Doc. 25]. Plaintiff alleges several causes of action against State Farm, but the gravamen of plaintiff's action is that State Farm breached the insurance contract between State Farm and Tonia Fields by not providing coverage to the Estate of Christian Connior who was driving Fields' vehicle at the time of the auto accident giving rise to this action. Because the Court concludes there was no breach of contract, the Court GRANTS State Farm's motion for summary judgment.

II. Relevant Facts

As the Court must, the Court views all the evidence in the light most favorable to the plaintiff, the non-moving party. On or about October 21, 2007, Christian Connior was driving plaintiff's Dodge Caravan with plaintiff's permission when he lost control, crossed the center line, and collided head on with another vehicle driven by Linda Foster. Plaintiff's minor child,

Case 1:12-cv-00061-WBC   Document 37   Filed 12/03/12   Page 1 of 12   PageID #: 297

A.H., who resided with plaintiff, was in the Caravan at the time of the accident. Connior also had his child in the Caravan at the time of the accident. Foster and Connior were killed in the accident and A.H. was injured.

In October 2008, plaintiff filed an action, *Fields v. Connior*, Docket No. CV-8-114, in the Polk County, Tennessee Circuit Court on behalf of her minor child, A.H., against the Estate of Christian Connior (the Estate) for negligence. Initially, State Farm provided a defense to the Estate by providing counsel for the Estate. (Complaint at ¶ 6, Page ID # 8). The Estate's counsel filed an answer to the complaint on December 12, 2008 in Docket No. CV-8-114. (*See* Doc. 8, Page ID # 106-109). Subsequently, on February 24, 2009, State Farm withdrew its defense of the Estate and, therefore, the Estate's counsel withdrew from the action in the Polk County Circuit Court. (*See* Order in Docket No. CV 8-114 allowing Estate's counsel to withdraw, Doc. 8, Page ID # 110-111). On November 17, 2011, the Polk County Circuit Court entered judgment in *Fields v. Connior*, Docket No. CV-8-114, against the Estate in favor of Tonia Fields individually and on behalf of her daughter in the amount of $82,996.66. (Doc. 8, Page ID # 46). In its order, the Polk County Circuit Court stated it was granting judgment because the Estate had not filed an answer to the complaint. *Id.*

Plaintiff alleges in her complaint that the Estate has assigned any right of action which the Estate may have against State Farm to plaintiff. (Complaint at ¶ 2, Doc. 1, Page ID # 7.) While State Farm "denies the validity of the Estate's purported assignment, it does not put that factual issue before the Court. For purposes of this [m]otion only, State Farm assumes the assignment was valid." (State Farm's memorandum in support of its motion for judgment on the pleadings, Doc. 9, Page ID # 119, n.5)

2

III. Discussion

*A. Procedural Background*

On May 15, 2012, State Farm filed a motion for judgment on the pleadings arguing the complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted. [Doc. 8]. In its motion, State Farm considered matters outside the complaint which, plaintiff correctly argues, converted the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). The Court did not immediately address this motion, and, on September 28, 2012, State Farm filed a motion for summary judgment. State Farm did not file a separate memorandum in support of its motion for summary judgment; rather, it incorporated its previously filed and served memorandums in support of its motion for judgment on the pleadings and all exhibits filed in support thereof into its motion for summary judgment. Plaintiff argues that because State Farm did not file a memorandum in support of its motion for summary judgment which was separate and independent from the ones it filed in support of its motion for judgment on the pleadings, then "the motion [for summary judgment] should fail for its failure to adhere to Local Rule 7.1…." While E.D. TN LR 7.1 requires that "an opening brief and any accompanying affidavits or other supporting materials shall be served and filed with the motion…," there is nothing in the local rules which prohibits a party from incorporating a previously filed brief into another brief, and, more importantly, plaintiff does not assert it is prejudiced by State Farm's doing so – nor can the Court discern any such prejudice. Consequently, the Court will exercise its discretion and allow State Farm to incorporate into its motion for summary judgment those briefs and materials filed in support of its motion for judgment on the pleadings. In other words, if plaintiff is to prevail on State Farm's motion for summary judgment, she will have to do it the old fashioned way. She will have to earn it.

3

### B. Standard of Review

Fed. R. Civ. P. 56(c) provides that summary judgment will be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *White*, 909 F.2d at 943-44; *60 Ivy Street*, 822 F.2d at 1435. The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *60 Ivy Street*, 822 F.2d at 1435-36. The standard for summary judgment mirrors the standard for directed verdict. The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a

4

jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Lapeer County, Mich. v. Montgomery County, Ohio*, 108 F.3d 74, 78 (6th Cir. 1997). There must be some probative evidence from which the jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 252; *Bailey v. Floyd County Bd. Of Educ.*, 106 F.3d 135, 140 (6th Cir. 1997). If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52*; University of Cincinnati v. Arkwright Mut. Ins. Co.*, 51 F.3d 1277, 1280 (6th Cir. 1995); *LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).

### C. Analysis

Plaintiff's complaint purports to assert four separate causes of action: breach of the insurance contract, equitable estoppel, bad faith, and legal malpractice. The parties are in agreement that the law of the state of Tennessee applies.

In an action based on diversity of citizenship jurisdiction such as this one, this Court must apply state law in accordance with the controlling decision of the highest state court. *John Hancock Financial Servs., Inc. v. Old Kent Bank* , 346 F.3d 727, 733 (6th Cir. 2003), *Bailey Farms, Inc. v. NOR-AM Chemical Co.* , 27 F.3d 188, 191 (6th Cir.1994). "Where the state supreme court has not yet addressed the issue presented, we must anticipate how that court would rule." *Old Kent Bank*, 346 F.3d at 733. "In that inquiry [this Court] may rely upon the analogous cases and relevant dicta in the decisional law of the State's highest court, opinions of the State's intermediate courts to the extent that they are persuasive indicia of State Supreme Court direction, and persuasive opinions from other jurisdictions...." *Shields v. Gov't Employees Hosp. Ass'n, Inc* ., 450 F.3d 643, 649 (6th Cir. 2006), *overruled on other grounds by Adkins v.*

5

*Wolever*, 554 F.3d 650 (6th Cir. 2006). *See also Lawler v. Fireman's Fund Ins. Co.*, 322 F.3d 900, 903 (6th Cir. 2003) ("If the state's highest court has not decided the issue, the federal court must ascertain what the state law is from all relevant data. Relevant data includes intermediate appellate decisions, which may not be disregarded unless we are convinced by other persuasive data that the highest court of the state would decide otherwise.") (internal citations omitted).

Tennessee law is well-settled that an "assignee stands in the shoes of the assignor and has all the rights, and is subject to all the obligations, of the assignor." *Collier v. Greenbrier Developers, LLC*, 358 S.W.3d 195, 201 (Tenn. Ct. App. 2006). The assignee obtains only those rights which the assignor had at the time of the assignment, and "takes [her] assignment subject to the defenses asserted against the assignor." *Aetna Cas. & Sur. Co. v. Tenn. Farmers Mut. Ins. Co.*, 867 S.W.2d 321, 322 (Tenn. Ct. App. 1993). Accordingly, if an assignor's claim would fail as a matter of law, his assignee's assertion of the same claim must also fail. *Id.* Consequently, for purposes of this motion for summary judgment, State Farm agrees with plaintiff that if the Estate has a viable cause of action against State Farm, then so does the plaintiff.

### *1. Breach of Contract*

Tennessee courts interpret insurance policies under the same rules of construction used to interpret other contracts. *Travelers Indem. Co. of Am. v. Moore & Assoc., Inc.,* 216 S.W.3d 302, 305-06 (Tenn. 2007). "An insurance contract must be interpreted fairly and reasonably, giving the language its usual and ordinary meaning." *Id.* A court's initial task in construing a Tennessee contract is to determine whether the language of the contract is ambiguous. *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.,* 78 S.W.3d 885, 890 (Tenn. 2002*); see Spears v. Tenn. Farmers Mut. Ins. Co.,* 300 S.W.3d 671, 678 (Tenn. Ct. App. 2009) (holding the same in the context of an insurance policy). The central tenet of contract construction is that the intent of the

6

contracting parties at the time of executing the agreement should govern. *Planters Gin Co.*,78 S.W.3d at 890. Summary judgment is appropriate in contract cases where the terms of the contract are not ambiguous, making the issue a pure question of law. *Id.*

State Farm asserts it has not breached its contract of insurance by refusing to provide liability coverage to Christian Connior and his Estate. because, based on the plain language of the policy, there is no such coverage.

In paragraph 10 of her Complaint, Plaintiff alleges that "State Farm breached its policy of insurance by failing to provide liability insurance to Christian Connior." (Complaint at ¶10). In support of her argument, Plaintiff selects the following language in the insurance policy at issue:

## LIABILITY COVERAGE

*Insured* means:
1.     *you* and *resident relatives* for:
    a.     the ownership, maintenance, or use of:
    (1) *your* **car**...
3.     any other *person* for his or her use of:
    a.     *your car…*
    Such vehicle must be used within the scope of *your* consent…

*Insuring Agreement*

1.     *We* will pay:
    a.     damages on *insured* becomes legally liable to pay because of:
    (1) *bodily injury* to others; and
    (2) damage to property
    caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy;
    b.     attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages; and
    c.     court costs charged to an *insured* and resulting from that part of a lawsuit;
    (1)     that seeks damages payable under this policy's Liability Coverage; and
    (2)     against which **we** defend an *insured* with attorneys chosen by *us*.

(The insurance policy, Doc. 81. Page ID #'s 82-83, emphasis is original). Since the insurance policy's definition of an insured includes someone who drives plaintiff's car with the plaintiff's permission, *id*., Page ID #84-83, then, under the section of the policy cited above, it would appear that injuries caused by Connior's negligence while driving plaintiff's vehicle; namely A.H.'s injuries, would be covered. However, the policy also has some explicit exclusions that apply to liability coverage:

> **Exclusions**
>
> THERE IS NO COVERAGE FOR AN **INSURED:**
> …
> 2. FOR ***BODILY INJURY*** TO:
> a. ***YOU***;
> b. ***RESIDENT RELATIVES….***

(The insurance policy, Doc. 8-1, Page ID # 84, emphasis original). There is no dispute, of course, that Tonia Fields is an insured under the insurance policy. State Farm asserts A.H. is a resident relative and therefore excluded from coverage. The policy defines "resident relative" to include a person, other than the insured who resides primarily with the insured and who is related to the insured by blood. *Id.* at Page ID # 81-82. Plaintiff argues that the "defendant does not attempt to establish how the definition of 'resident relative' should be interpreted under the plead [sic] facts nor how it is applicable to the instant facts." (Plaintiff's Response to Defendant's motion for judgment on the pleadings, Doc. 13, Page ID # 172). However, in her deposition given on January 5, 2010, in *Fields v. Connior*, Docket No. CV-8-114, Tonia Fields testified A.H. is her daughter who, at the time of the accident at issue, lived with her at her parents' home. There is no evidence (or even argument) to the contrary presented to the Court. Thus, undersigned concludes A.H. was a "resident relative" of plaintiff's at the time of the auto accident at issue.

8

The exclusion cited above is a more specific provision that the provision concerning liability coverage in general. "When a contract contains both general and specific provisions relating to the same thing, the specific provisions control. Where uncertainty exists between general and specific provisions, the specific provisions will usually qualify the general." *Mark VII Transp. Co., Inc. v. Responsive Trucking, Inc.*, 339 S.W. 3d 643, 648 (2009)(citing *Cocke County Bd. v. Newport Utilities Bd.,* 690 S.W.2d 231, 237 (Tenn.1985)). Thus, the exclusionary provision controls, and, under the express terms of the insurance policy, State Farm had no obligation to cover damages for injuries sustained by A.H. in her mother's car which was involved in an accident when driven by Christian Connior.

### 2. Equitable Estoppel

Plaintiff asserts her claim for equitable estoppel in her complaint, *in toto*, as follows:

> After providing a defense to the Estate of Christian Connior, State Farm should have been equitably estopped from instructing their appointed counsel to withdraw from representation of the Estate. As a result of the Estate not having counsel to defend them on the merits of the claim and as a result of appointed counsel's failure to file an answer with the Polk County Circuit Court, the Estate of Christian Connior has incurred the [ ] judgment of [$82,996.66] which cannot be satisfied from the Estate's funds.

(Complaint at ¶ 7, Doc. 1-1, Page ID # 9).

Defendant has interpreted plaintiff's claim for equitable estoppel to be an attempt to avoid the statute of limitations to her breach of contract claim which, State Farm asserts, bars her breach of contract claim. The Court does not, however, interpret plaintiff's pleading in this manner. Rather, it appears to the Court that plaintiff is arguing that, even if A.H.'s injuries are not covered under the policy pursuant to the terms of the policy, State Farm should be estopped from relying on said terms of the policy because, when State Farm initially agreed to provide a defense to the Estate and then failed to file an answer, State Farm caused the Estate to be in default and have a judgment entered against it.

9

There is some question as to whether an answer was actually filed in the state action, *Fields v. Connior*, Docket No. CV-8-114. Nevertheless, the Court finds this factual issue is not material because, even assuming an answer was *not* filed, the Court still concludes equitable estoppel does not apply.

The Tennessee Supreme Court discussed equitable estoppel in *Osborne v. Mountain Life Ins. Co.*, 130 S.W.3d 769, 774 (Tenn. 2004):

> The doctrine of equitable estoppel requires evidence of the following elements with respect to the party against whom estoppel is asserted: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) Intention, or at least expectation that such conduct shall be acted upon by the other party; (3) Knowledge, actual or constructive of the real facts.
>
> Equitable estoppel also requires the following elements with respect to the party asserting estoppel: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) Reliance upon the conduct of the party estopped; and (3) Action based thereon of such a character as to change his position prejudicially.

(Internal citation omitted).

It is undisputed that on February 24, 2009, the attorneys retained by State Farm to represent the Estate in the action brought by Tonia Fields on behalf of herself and A.H. in *Fields v. Connior*, Docket No. CV-8-114, withdrew leaving the Estate without counsel. Approximately 21 months elapsed from the time counsel withdrew to the time judgment was entered against the Estate on November 17, 2011. Based on these undisputed facts, the Court concludes equitable estoppel does not apply in the instant case as a matter of law for two reasons, either of which alone is sufficient to defeat the plaintiff's claim of equitable estoppel. First, when counsel retained by State Farm withdrew, State Farm made a clear, unequivocal, and *truthful* representation to the Estate that it would not provide a defense to the Estate. Second, the Estate knew 21 months before the judgment was entered that State Farm had disavowed any obligation

to provide representation. Plaintiff cannot and has not argued that the Estate lacked knowledge of the truth, *i.e.*, that State Farm had no intention of providing representation for the Estate, when the judgment was entered. Had State Farm initially provided a defense to the Estate and then secretly directed its attorneys to stop working on the case without withdrawing or informing anyone, then the outcome might be different. But in this instance, the Estate knew its counsel hired by State Farm had withdrawn and it had 21 months to obtain new counsel and file an answer before the judgment was entered against it. Accordingly, the Court concludes that, as a matter of law, equitable estoppel does not apply, and State Farm is entitled to summary judgment on this issue.

### *3. Bad Faith*

State Farm argues that , in Tennessee, there is no common law tort for bad faith failure to pay an insurance claim; rather, the exclusive remedy for such conduct is found in Tenn. Code Ann. § 56-7-105. Plaintiff does not contest this assertion by State Farm. (*See* Plaintiff's Response, Doc. 14, Page ID # 171.) Tenn. Code Ann. § 56-7-105 provides in relevant part:

> (a) The insurance companies of this state, … in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy … shall be liable to pay the holder of the policy …, in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss; *provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith*....

Because State Farm had no duty to pay plaintiff's claim, the Court finds no reasonable jury could conclude State Farm acted in bad faith when it refused to provide coverage to the Estate and to pay Plaintiff's claims against the Estate for injuries her daughter sustained in the accident at issue. State Farm is entitled to summary judgment on this claim.

11

*4. Legal Malpractice*

The plaintiff appears to have abandoned her legal malpractice claim based on the alleged failure to file an answer in the previous state court case. Nevertheless, the Court shall address it briefly.

Plaintiff contends the attorneys who represented the Estate in the previous state court action acted negligently by failing to file an answer to the complaint. However, plaintiff has not sued the attorneys who represented the Estate in the underlying state court action; plaintiff has sued State Farm who hired the attorneys. Plaintiff cannot maintain a legal malpractice action against State Farm; the proper party to sue would have been the attorneys hired by State Farm to represent the Estate. *See Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001) ("In order to make out a prima facie legal malpractice claim, the plaintiff must show (1) that the *accused attorney* owed a duty to the plaintiff, (2) that the *attorney* breached that duty…") (emphasis added). Accordingly, State Farm is entitled to summary judgment on this claim as well.

IV. Conclusion

For the reasons stated herein, State Farm's motion for summary judgment is GRANTED and this action will be DISMISSED in its entirety.

SO ORDERED.

ENTER.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

12